United States District Court
Southern District of Texas
**ENTERED**
September 23, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHENG-SHING (DANIEL) CHEN, | § | |
| *Plaintiff*, | § | |
| v. | § | CASE NO. 4:17-CV-1006 |
| FERID MURAD, | § | |
| *Defendant*. | § | |

## **ORDER**

Defendant's "Motion to Strike, Exclude, and Limit Improper Opinions of Plaintiff's Damages Expert and Related Theories," ECF No. 76, is DENIED.

1. Defendant argues that the Collaboration Agreement, ECF No. 76-6, required Chen to personally contribute capital directly from his own funds, and that Compton's capital contribution calculation (contained in Compton's expert report, ECF No.76-3) should therefore be excluded because it includes contributions made by others on Chen's behalf. But the Collaboration Agreement did not specify that the funds used for the capital contribution could not be made by others on Chen's behalf. The central provision simply states that "Party B [i.e., Chen] will contribute the capital of USD 2 million minimum for the development, including but is [*sic*] not limited to incorporation, product development, manufacturing and marketing." ECF No. 76-6, page 2. In contrast, the Collaboration Agreement requires Defendant

1

to "contribute *his own* 'Intellectual property ("IP")' and 'Marks' to the [joint venture companies]." *Id.* (emphasis added). The parties knew how to draft the agreement to require a party to make the contribution of his own property. The agreement did so with respect to Defendant's intellectual property and marks but did not do so with respect to the funds contributed. To accept Defendant's argument, this Court would have to impermissibly remake the Agreement by reading additional provisions into it. *Gilbert Texas Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010).

2. Defendant argues that Compton's "return of capital" damages theory should be excluded because it would provide a legally impermissible "windfall" to Chen, allowing him to retain an ownership interest in the joint ventures and the trademarks while escaping his contractual obligation to "irrevocably" contribute capital to the joint ventures. What Defendant misses is that Chen has asserted *alternative* theories of recovery—he seeks reliance *or* expectation damages. *See* ECF No. 90, page 14. If Defendant regains the rights to the trademarks, Chen could be entitled to reliance damages in the form of reimbursement of the capital invested by him (or on his behalf);[1] alternatively, Chen could be entitled to expectation damages, which include lost profits and royalties. *See Quest Med., Inc. v. Apprill*,

---

[1] Defendant claims that "there is no basis for Mr. Compton to assume that the companies would be valueless if they lose rights to the marks," ECF No. 96, page 14, but that cursory assertion is insufficiently briefed.

90 F.3d 1080, 1085 n.5 (5th Cir. 1996) ("Under Texas law, '[w]hen a party tries a case on alternative theories of recovery and a jury returns favorable findings on two or more theories, the party has a right to a judgment on the theory entitling him to the greatest or most favorable relief.'" (quoting *Boyce Iron Works, Inc. v. Southwestern Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988)). Chen acknowledges that he cannot receive both forms of relief, so there is no "windfall" problem. ECF No. 90, page 14 ("Dr. Chen acknowledges that he cannot retain the rights to Dr. Murad's marks and IP *and* a refund of his capital contributions.").

3. Defendant argues that Compton's capital contribution calculation should be excluded because the data relied upon is "inadequate" and/or "inconsistent" with accepted financial accounting standards. The Court has reviewed the data and materials in question and concludes that Compton's opinion on this point should not be excluded. The Court also rejects Defendant's challenges to Compton's opinion based on the admissibility of certain materials used. *See* Fed. R. Evid. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted."). As Plaintiff points out, Defendant's expert relied on much of the same information in preparing his expert report. *See* ECF No. 90-3 at 6 (Defendant's expert lists documents he considered and relied on, including the unaudited financial reports, monthly royalty payments, the collaboration agreement,

the October 2010 letter, and Plaintiff's entire document production). Thus, Defendant's argument is without merit.

4. Defendant argues that Compton's loss of royalty and lost profits opinions should be excluded because they impermissibly equate losses to non-party companies in which Chen is a shareholder with Chen's own losses, in contravention of the "shareholder standing doctrine," which provides that "[a]n action to redress injuries to a corporation cannot be maintained by a shareholder in his own name but must be brought in the name of the corporation." *Stevens v. Lowder*, 643 F.2d 1078, 1080 (5th Cir. 1981). But "this rule does not apply in a case where the shareholder shows a violation of duty owed directly to him." *Id.* Because Chen's claims arise out of Defendant's alleged violation of a contractual duty owed to Chen, he is not seeking to recover based merely on the diminution in the value of company shares. The shareholder standing doctrine is therefore inapplicable.

5. The Court rejects Defendant's argument that Compton's lost profits analysis should be excluded as unreliable because Compton "unreasonably" assumed all losses were due to Defendant's actions. Compton's supplemental report, ECF No. 90-2, takes into account ABC's declining revenues, while Defendant's remaining objections go to the weight of Compton's opinion, not its reliability. *See Quantum Fitness*, Case No. 4:14-cv-763, 2015 WL 5456995, at *5 (S.D. Tex. Sept. 16, 2015). Defendant's motion to strike Compton's supplemental report as untimely

is also denied. Compton recognized his error during his deposition and testified as to a revised calculation of damages. Therefore, there is no harm to allowing him to formalize his opinion in a supplemental report.

Signed on September 23, 2019, at Houston, Texas.

_____
**DENA HANOVICE PALERMO
UNITED STATES MAGISTRATE JUDGE**