UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHENG-SHING (DANIEL) CHEN, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | NO. 4:17-CV-1006 |
| | § | |
| FERID MURAD, | § | |
| *Defendant.* | § | |

# **ORDER**

Before the Court is Plaintiff's letter requesting leave to file a motion for leave to amend his complaint. ECF No. 118.[1] On January 28, 2020, the Court heard counsels' argument on the pending motion at an oral hearing. ECF No. 121. Based upon the relevant filings, evidence, applicable law, and arguments of counsel, the Plaintiff's motion is denied.

## I. OVERVIEW

This case arises from a business dispute between the Plaintiff and Defendant (collectively "the Parties"). Plaintiff, Dr. Chen, who is a citizen of Taiwan, alleges that he met Defendant, Dr. Murad, in 2000 and they have had a business relationship since 2001. Dr. Chen claims that they entered a formal business arrangement and executed a written Collaboration Agreement in 2008 with a 20-year term. Pl.'s First

---

[1] The Parties consented to proceed before this Court. ECF No. 88.

1

Am. Compl., ECF No. 19 at 3-4; Pl.'s Second Am. Compl., ECF No. 46 at 2-3. Under the agreement, Dr. Murad provided his likeness and intellectual property, and Dr. Chen provided the capital to create and market nutritional products. ECF No. 118. Dr. Murad denies the validity and his alleged breach of the agreement. Def.'s Ans. to Second Am. Compl., ECF No. 47.

Plaintiff seeks leave to amend on the basis that newly discovered evidence reveals that the relationship between the Parties is more than contractual, but a special relationship of trust and confidence. Plaintiff asks permission to file his Third Amended Complaint to assert a claim for breach of fiduciary duties. ECF No. 118. Plaintiff contends that no additional discovery will be necessary because the facts upon which the claim is based are already known and that Dr. Murad will not be prejudiced by the late amendment. *Id.*

Defendant opposes the motion on the basis that it is too late, he needs additional discovery, he would be prejudiced by the amendment, and Plaintiff's explanation of the delay fails to meet his burden for seeking leave to amend at this time. ECF No. 119. The Court agrees with the Defendant.

## II. PROCEDURAL STATUS

This case has been on file for three years. The Court entered multiple scheduling orders, extending deadlines based on the Parties' requests. Orders, ECF Nos. 11, 31, 95, 103, 108, 112, & 114. None of the scheduling orders contained a

deadline to amend pleadings. Nonetheless, Plaintiff previously sought leave to amend twice. Plaintiff filed an unopposed motion for leave to amend four months after filing suit. ECF No. 15. The Court granted the motion. Order, ECF No. 18. Plaintiff later filed an opposed motion for leave to amend, ECF No. 36, which the Court granted in part, Order, ECF No. 44. Plaintiff now seeks to amend for the third time. ECF No. 118.

The Parties have had a tortured history of discovery disputes, which ultimately required the Court to order additional discovery after the deadline for discovery had passed. Discovery was originally to be completed by June 30, 2018, ECF No. 11, but was extended until October 29, 2018, ECF No. 31. Trial was set for September 2018, then extended to January 2019, and again set for March 18, 2019. ECF Nos. 11, 31, & 95. In January 2019, after the close of discovery, Plaintiff sought a motion to strike or for spoliation of evidence based on Defendant's failure to produce his emails. ECF No. 97. After a hearing, the Court instead ordered Defendant to contact his email service provider to obtain the emails Plaintiff sought. ECF No. 100. In February 2019, the Court granted Plaintiff's unopposed motion to continue the trial setting and reopen discovery for the limited purpose of taking Dr. Murad's deposition for a second time to follow up on the newly obtained evidence. ECF No. 103. In May 2019, the Court granted Plaintiff's unopposed motion to take limited third-party discovery, specifically a few depositions. ECF No. 108. In July, the

Parties were ordered to complete the third-party discovery and file a status report by August 14, 2019 with proposed trial dates in November 2019. ECF No. 112. Plaintiff had requested notice several months in advance of the trial setting for Plaintiff to make the necessary travel arrangements from Taiwan to attend the trial. In August, the Court again granted the Parties' request for additional time until October 31, 2019 to complete the third-party discovery and propose a trial date. ECF No. 114. On October 31, 2019, the Parties again requested additional time to confirm proposed trial dates in April 2020. On December 5, 2019, the Court entered an order setting the case for trial on April 27, 2020 based on the Parties agreement to that setting. ECF No. 117.

More than 18 months after discovery was supposed to be completed, 3 months after discovery was actually completed, and only 6 weeks after the Court set the trial date that it took months for the Parties to agree to, confirm, and provide to the Court, Plaintiff seeks leave to amend based on purportedly newly discovered evidence.

### III. MOTION FOR LEAVE TO AMEND UNDER THE COURT'S SCHEDULING ORDER

When a trial court imposes a scheduling order, Rules 15 and 16 operate together to govern the amendment of pleadings. FED. R. CIV. P. 15(a) & 16(b). Rule 16(b) governs a party's request to amend his pleadings after the deadline to amend has passed. Under Rule 16(b), a party must show good cause for extending the deadline. FED. R. CIV. P. 16(b). "Four factors are relevant to this analysis: '(1) the

explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Tex. Indigenous Council v. Simpkins*, 544 F. App'x 418, 420 (5th Cir. 2013). If the party meets the good-cause standard, the deadline can be extended, and the more liberal standard of Rule 15(a) will then apply to the request for leave to amend. *Id.*

Plaintiff asserts that Rule 16(b)'s good cause standard is inapplicable because the Court did not order a deadline to amend. Instead, Plaintiff argues that the more liberal standard of Rule 15(a) applies for leave to be freely granted. While the scheduling orders did not set a deadline for the amendment of pleadings, the various orders set deadlines for discovery and trial. Discovery was long closed, even though the Court allowed additional limited discovery that took the Parties a year to complete. Likewise, the Court waited months before the Parties agreed on a trial date, which is only four months after the date of the motion for leave. Thus, all the deadlines in this case have passed and Plaintiff's motion is late. Nonetheless, the Court will analyze the motion under the more liberal standards of Rule 15(a) to give the Plaintiff every benefit to which he may be entitled under the rules.

Pleadings may be amended once as a matter of course before a responsive pleading is served, and thereafter only by leave of court. FED. R. CIV. P. 15(a). While leave "shall be freely given when justice so requires," "it is by no means automatic."

*Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotations omitted) (citing *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)).

> In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.

*HostingXtreme Ventures, LLC v. Bespoke Group, LLC,* No. 3:14-cv-1471-M, 2017 WL 5569852, at *6 (N.D. Tex. Nov. 20, 2017) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), and citing *McClure v. Turner*, 481 F. App'x 167, 171 (5th Cir. 2012)).

### A. Plaintiff unduly delayed seeking leave to amend four months before trial.

Based on a review of this record, Plaintiff has unduly delayed filing his motion for leave to amend. The purportedly *new* evidence, in the form of pictures and videos, depicts Plaintiff's relationship with Dr. Murad. Regardless of when Plaintiff obtained these pictures and videos, the facts of that relationship were known to him and should have been conveyed to counsel long ago. Dr. Chen knows what he did to help promote Dr. Murad in China and Taiwan, who they met with, rallies they attended, and the book Dr. Murad wrote and used Dr. Chen to promote. None of these facts are new to Plaintiff.

6

Dr. Chen argues his motion is timely because he only recently met with Plaintiff's counsel in person to discuss this new evidence received from third parties. ECF No. 118-3 ¶ 4. In fact, to support his motion for leave to amend his complaint the second time, Plaintiff asserted the same argument that he was unable to convey the information until his recent in person meetings with counsel. ECF No. 36 ¶¶ 11-12. This argument—made over a year later and only 4 months before trial—fails.

### B. Plaintiff has failed to include this claim in previous amendments.

During the hearing on Plaintiff's motion, counsel admitted that they previously considered filing a breach of fiduciary duty claim but did not have this evidence. Plaintiff has offered no justifiable excuse for failing to include a breach of fiduciary duty claim based on what the Plaintiff knows about his relationship with Defendant. This claim could have been brought in a prior amendment.

### C. Defendant will suffer undue prejudice by this late amendment.

Despite Plaintiff's assertion that no new discovery is needed, and that Defendant will not be prejudiced by this amendment because the facts are known, Plaintiff is asking to assert an entirely new theory of liability. "If Plaintiff is granted leave to amend at this advanced stage in the litigation, Defendant will be potentially prejudiced as he will have to amend his responsive pleadings, conduct further discovery, and [may want to] file additional dispositive motions." *HostingXtreme*

*Ventures,* 2017 WL 5569852, at *5. "This suit would, in essence, have to start over after three years of extremely contentious litigation." *Id.* (citing *King v. Life School*, No. 3:10–CV–0042–BH, 2011 WL 5242464, at *2 (N.D. Tex. Nov. 3, 2011) ("finding potential prejudice on a motion for leave to amend because 'allowing the new claims would require essentially restarting the lawsuit for amended pleadings, discovery, and motions.'")). Defendant is entitled to additional discovery which would impact the trial setting and increase the cost of litigation. ECF No. 119 at 2.

### D. Plaintiff's amendment is futile.

Although the Collaboration Agreement specifically provides that it is to be governed by Texas law, Plaintiff wants to add a breach of fiduciary duty claim under Texas law based on this relationship between these Parties. The asserted facts do not appear to implicate Texas law. Plaintiff at all relevant times lived in Taiwan. He raised the funds in the Far East from investors in the Far East and developed and marketed products in the Far East. The new evidence upon which Plaintiff relies includes video tapes of the Plaintiff and Defendant in the Far East, specifically China and Taiwan, marketing and promoting the new products as well as other products, including a book Defendant wrote that included Plaintiff's picture on the cover. ECF No. 118. Although for a portion of the relevant time, Defendant resided in Texas, Plaintiff provides no credible basis upon which Texas law would govern this relationship. *See* ECF No. 119 at 2.

8

### E. The Court has discretion to control its docket.

This case was filed 3 years ago. Discovery has taken 2.5 years. Plaintiff has amended his complaint twice. ECF Nos. 15 & 46. All deadlines under the scheduling orders have expired, even after having been extended on multiple occasions. ECF Nos. 11, 31, 95, 103, 108, 112, 114, & 117. All that remains is the final trial on Plaintiff's contract claims. Plaintiff has been granted a fair opportunity to allege and develop his case. The Court is not obligated to delay a case and grant a continuance to cure some of the prejudice that this late amendment would cause. *Trenado v. Cooper Tire & Rubber Co.,* No. H-08-249, 2009 WL 10694761, at *2 (S.D. Tex. July 15, 2009) (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883-84 (5th Cir. 2004) ("where a party has not provided an adequate explanation for the late amendment and the amendment would be prejudicial to the non-moving party, the court was not obligated to grant a continuance of the trial.")).

### CONCLUSION

Plaintiff has failed to meet his burden for the amendment. Accordingly, Plaintiff's request for leave to amend his complaint is **DENIED**.

Signed on February 21, 2020, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**